# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal No. 21-cr-0500-CJN |
| : | |
| MICHAEL LEON BROCK, : | |
| : | |
| Defendant. : | |

## UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO CONTINUE

The United States of America respectfully opposes Defendant Michael Brock's motion to continue for the following reasons.

On September 26, 2022 – almost one year ago – the Court ordered trial in this matter to commence on October 16, 2023. *See* Minute Order, Sept. 26, 2022. The United States is prepared to try the case on that date. Defendant Brock is represented in this case by Attorney John Pierce, who has been counsel of record for over 18 months. (ECF 26). Despite having ample notice of the trial setting and more than sufficient time to prepare, Attorney Pierce has moved to continue the trial. (ECF 44). The United States objects.

The sole proffered basis to continue the trial is Attorney Pierce's conflicting schedule, which was occasioned by counsel's apparent effort to "assist as many defendants as possible in the course of these prosecutions." (ECF 44). With regard to the specific conflict, and as the Court is aware, Attorney Pierce represents several defendants facing charges in this District, including three of whom who are scheduled for trial in mid-October. Attorney Pierce is scheduled to begin another trial on October 16, 2023: *United States v. Montgomery*, Crim. No. 21-46 (RDM). In addition, Attorney Pierce is scheduled to begin a third trial on October 17, 2023: *United States v. Todd*, Crim. No. 22-166 (MAU). Based on that schedule, Attorney Pierce relies upon the "ends

of justice" provision of the Speedy Trial Act to justify his request. 18 U.S.C. § 3161(h)(7)(A). The facts and circumstances underlying the conflict, however, provide insufficient reasons to inject further delay into this aging case.

As a threshold matter, any motion to continue relying upon § 3161(h)(7)(A) requires the Court to make a finding that "such action outweighs the best interest of the public and the defendant in a speedy trial." *Id*. Here, the Court will be hard pressed to make such a finding because the interests of the public cut against further delay. Well over two years have elapsed since charges were initially lodged in the case (ECF 1), and a continuance will propel the parties deeper into the third year before the trial kicks off. That Attorney Pierce endeavored to "assist as many defendants as possible in the course of these prosecutions" is a self-inflicted conflict that should not extinguish the public's reasonable expectation of a speedy resolution.

That is true in all cases, particularly one, like here, where the scheduling conflict was altogether avoidable. Despite having long since been aware of the trial date, Attorney Pierce, on July 10, 2023, filed in *Montgomery* a pleading styled *Notice Regarding Counsel's Availability for Trial* which, in sum total, stated:

> Below-signed counsel has conferred with other defendants with trials set for mid-October. He will be available for trial in this matter on October 16, 2023.

Crim. No. 21-46 (RDM) (ECF 148). Attorney Pierce filed this Notice without conferring with Government counsel in this case or in the *Todd* matter, both of which remain scheduled on conflicting dates in mid-October. Thus, it is Attorney Pierce who hand-picked which among *Brock*, *Montgomery*, and *Todd* would be going to trial in October. Having embarked on that course without consultation with the Court or opposing counsel in *Brock* or *Todd*, he cannot now lean on the "ends of justice" provision in § 3161(h)(7)(A) to solve the overbooking problem he unilaterally

created. Instead, the more prudent course would have been to alert the *Montgomery* and *Todd* courts of the conflict in an effort to secure workable dates to try all three cases.

Strikingly, Attorney Pierce writes in his motion that he "indicated to [Judge Moss in *Montgomery*] I would file a motion to continue in both this case and the *Todd III* case, or *alternatively make arrangements for other counsel to try this and the Todd III case*." (ECF 48) (emphasis added). The United States is unaware, however, of any effort made toward securing alternate counsel to try this matter on October 16.

Sections 3161(h)(7)(B)(i)-(iv) of the Speedy Trial Act sets forth four non-exclusive factors the Court must consider in adjudicating motions to continue. None of these factors provide support to continue the October 16 setting. For all of these reasons, the United States respectfully requests that the Court deny the motion to continue.

        Respectfully Submitted,

        MATTHEW GRAVES
        UNITED STATES ATTORNEY
        DC Bar No.: 481052

        /s/ Jack E. Burkhead
        Jack E. Burkhead, *Detailee*
        NM Bar No. 10493
        Assistant United States Attorney
        United States Department of Justice
        201 Third. St.
        Albuquerque, New Mexico 87103
        jack.e.burkhead@usdoj.gov

I hereby certify that on August 14, 2023, this pleading was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ Jack E. Burkhead
Assistant United States Attorney