UNITED STATES DISTRICT
COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.  ) | Case No. 21-cr-00500 |
| ) | |
| MICHAEL L. BROCK ) | |
| ) | |
| Defendant ) | |
| ) | |

### DEFENDANT MICHAEL LEON BROCK'S REPLY TO THE GOVERNMENT'S OPPOSITION TO BROCK'S MOTION FOR CHANGE OF VENUE TO THE NORTHERN DISTRICT OF MISSISSIPPI, OXFORD DIVISION

Comes Now Defendant Michael Leon Brock ("Brock"), through his undersigned counsel, with this Reply to the Government's Opposition (ECF # 51) regarding Brock's motion to transfer venue.

Recent news stories are reporting that the District of Columbia is now *running out of potential jurors* in January 6 cases. In fact, jurors are now being recycled back into Jan. 6 jury pools because there are so few DC residents who have not already been called for J6 jury service. See Alicia Powe *"Defense Attorneys Sound Alarm on 'RECYCLED JURORS' on J6 Trials: 'WHAT'S GOING ON?'"* The Gateway Pundit, Oct. 4, 2023 https://www.thegatewaypundit.com/?s=jurors (accessed 10/8/2023)

The District Court for the District of Columbia encompasses the third smallest total population of all federal court districts. See Table 1.1: 1990 Population Per

1

Authorized Judgeship bv District (Lowest to Highest).

https://www.gao.gov/assets/ggd-98-57r.pdf (accessed 10/8/2023).

Only the Districts of Wyoming and Alaska have smaller total populations. Moreover, the DC District has <u>by far</u> the smallest population <u>per judge</u> of any federal court district. See Table 1.2: 1990 Population Per Active Judge bv District smallest to Highest). Id. p. 16.

The District of Columbia is obviously not equipped to handle the massive number of Jan. 6 trials already scheduled. The District lacks sufficient numbers of potential jurors required.

As Brock has already outlined in his motion, a disproportionate percentage of the the District of Columbia's potential jurors are disqualified due to direct knowledge and involvement in the events of January 6. Another large proportion of DC's jurors are unfairly biased against all J6ers, as documented in Brock's motion.

And every DC resident and taxpayer is a victim, who has been injured by the events of January 6. The District expects to pay for continued medical care for the District's officers as necessary going forward, including care related to the impact of the Attack on MPD officers' mental health.

The great value of a trial by jury certainly consists in its fairness and impartiality. *United States v. Burr*, 25 F. Case. 49, 51 (CC Va. 1807). An impartial jury is required under the Constitution and has been required since the times of common law. Id.; see also *Patton v. Yount*, 467 U.S. 1025 (1984). A criminal trial ordinarily should take place in the district where the offense was committed. U.S. Const, amend. VI; Fed. R. Crim. P. 18. But here, of course, the prosecution contends in many cases and in many counts that the crimes charged were committed all over the nation, and were crimes against national democracy.

If extraordinary local prejudice in Washington, D.C., will prevent the defendant from obtaining a fair trial in the district of the offense, then due process requires transferring the trial to another appropriate alternative venue. *Skilling v. United States*, 130 S. Ct. 2896 (2010). Rule 21 allows a defendant to initiate a motion, dependent upon the court's discretion, for transfer of a criminal case for trial in another district, if(a) the atmosphere is so prejudicial the defendant cannot obtain a fair and impartial trial within the district in which the action is brought or (b) for the convenience of the parties and witnesses, if in the interest of justice. The purpose of the rule is to secure a fair trial to the defendant when circumstances in the district where the action is brought would place an undue risk of unfairness upon the defendant if tried within that district. *Sheppard v. Maxwell*, 384 U.S. 333 (1965). Federal Rule of Criminal Procedure 21 (a) states, in pertinent part, that upon a defendant's motion, the court must transfer the proceeding against that defendant to another district ifthe court is satisfied that so great a prejudice against die defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there. See *United States v. Ayala*, 64 F. Supp. 3d 446,450 (E.D.N.Y. 2014).

Although cases granting motions to transfer under Rule 21(a) are rare, the circumstances mandating the transfer in this case are unprecedented and require such a result. All assumptions and doubts should be resolved in favor of a transfer of venue when (a) the constitutional rights of the Defendants are not discretionary or optional but are the Supreme Law of the Land overshadowing all other considerations particularly mere matters of housekeeping or logistics, and (b) the public's confidence that justice has been done and that the legal system actually is fair is greatly more important than convenience and logistical arrangements for a trial, and (c) the Government makes a decision whether to bring a criminal charge; if that cannot be

carried through consistent with the Constitution and the public's confidence, the Government has the option of not bringing the case.

### District of Columbia Residents Regard Themselves as Victims of January 6th Defendants[1], And Victims Cannot Be Unbiased Jurors Against Their Perpetrators

A victim of a crime and the victim's friends and family are generally held to be biased jurors in the victim's case. *See, e.g.*, *State v. Montella*, 2022 Tenn. Crim. App. LEXIS 156 (holding that Defendant's right to a fair trial was violated and ordering a new trial because a juror failed to disclose his relationship with the victim's parents). Furthermore, victims of certain types of crimes, such as domestic abuse and sexual assault, who do not disclose these types of crimes against themselves, are found to be potentially biased jurors in cases of similar types. *See, e.g.*, *Sexton v. Slate*, 2019 Tenn. Crim. App. LEXIS 755 (holding that defendant's right to a fair trial and impartial jury was violated because a juror did not disclose her history of domestic abuse, and, during deliberations, she discussed her experiences as a victim of domestic violence and compared herself to the defendant's wife).

---

[1] *See* Hector Alejandro Arzate et al., *'It Was An Attack On Our Hometown': How 11 Washingtonians Remember the Insurrection*, DCIST (Jan. 5, 2022), https://dcist.com/story/22/01/05/dc-locals-jan-6-capitol-insurrection-anniversary/.

Dated: October 8, 2022                          Respectfully Submitted,

                                                      /s/ John M. Pierce
                                                      John M. Pierce
                                                      John Pierce Law, P.C.
                                                      2550 Oxnard Street
                                                      3rd Floor, PMB# 172
                                                      Woodlands, Hills, CA 91367
                                                      jpierce@johnpiercelaw.com
                                                      (213) 279-7648

                                                 *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, October 8, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce