UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Plaintiff*

**UNITED STATES OF AMERICA**

    v.                                                                                          **Criminal No. 1: 21-cr-500 (CJN)**

**MICHAEL LEON BROCK,**

    *Defendant.*

**<u>DEFENDANT MICHAEL LEON BROCK'S MOTION TO DISMISS</u>**

I.    INTRODUCTION

    Defendant Michael Leon Brock ("Brock") respectfully files this Motion to Dismiss. As set forth in the superseding indictment (ECF No. 31), Brock is charged with five crimes: (1) two counts of assaulting, resisting, or impeding federal officers, in violation of 18 U.S.C. §§ 111(a) and (b); (2) obstruction of law enforcement during a civil disorder, in violation of 18 U.S.C. § 231(a)(3); (3) disorderly conduct in a Capitol building or grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and (4) acts of physical violence in the Capitol building or grounds, in violation of 40 U.S.C. § 5104(e)(2)(F). Defendant moves to dismiss Counts 3 and 4 as Brock's conduct was protected by his First Amendment Constitutional rights. Defendant moves to dismiss counts 1, 2 and 5 as the wooden rod Brock had on his person does not qualify as a "deadly or dangerous weapon." 18 U.S.C. § 111(b). Counts 1, 2 and 5 all relate to the physical interaction between Brock and the officers. However, the government has moved for the enhance penalty within 18 U.S.C. § 111(b) as Brock was holding a wooden rod. Therefore, if the wooden rod does not qualify as a "deadly or dangerous weapon" the other charges can't stick.

II.    FIRST AMENDMENT

    The First Amendment protects every American's right to freedom of speech, peaceful assembly and to petition the Government for a redress of grievances. U.S. Const. amend. I. Political rallies have the highest First Amendment protection, and the content cannot be filtered or denied by the government. See *N.A.A.C.P. v. Clairborne Hardware Co.,* 458 U.S. 866 (1982) ("Expression on public issues 'has always rested on the highest rung of the hierarchy of First

Amendment values.'")(citation omitted). The founding fathers indorsed political debate and found it necessary. The Supreme Court articulated this point in *New York Times Co. v. Sullivan,* as it stated the First Amendment stands for the "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *New York Times Co. v. Sullivan,* 376 U.S. 254, 270 (1964).

The Supreme Court has tolerated much more intense actions during political debate. In *Texas v. Johnson,* the court held that defendant's act of burning American flag during protest rally was protected by the First Amendment. *Texas v. Johnson,* 491 U.S. 397 (1989). While doing so, the Court admitted that "the government generally has a freer hand in restricting expressive conduct than it has in restricting the spoken word." *Id.* at 406. The Court went a step further to announce that a principal "'function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger." *Id.* at 408-409. (quoting *Terminiello v. Chicago,* 337 U.S. 1, 4 (1949).

More closely akin to the present matter is what occurred in *N.A.A.C.P. v. Clairborne Hardware Co.* In that matter, the Court held that boycott activity which was not itself violent was constitutionally protected. *N.A.A.C.P.,* 458 U.S. 886.

Desecrating the American flag does not fall into the category of prohibited conduct which inflict injury or tend to incite an immediate breach of the peace. Brock's actions on January 6th are a step even further retracted from falling into this category. Brock was merely one amongst hundreds in a large crowd. Simply protesting and being part of a rally cannot be punished. It cannot be a crime to voice one's opinions on a political topic of debate. Counts 2 and 3 of the superseding indictment should be dismissed for Brock's participation in a political rally is protected by the First Amendment.

III.   DANGEROUS AND DEADLY WEAPON

A wooden rod is far from a dangerous and deadly weapon. Children are given one to swing around as a baseball bat. A petite wooden rod is far from knife or gun in the dangers they possess. Courts have consistently defined "dangerous weapon" as used in Section 111 as "an object that is either inherently dangerous or is used in a way that is likely to endanger life or inflict great bodily harm." *United States v. Chansley,* 525 F. Supp.3d 151, 161-162 (D.D.C.

2021). Clearly stated by the 9th Circuit, those objects which would be considered inherently dangerous under section 111 are those that are objects such as "guns, knives, and the like." *Id.* (citing *United States v. Smith,* 561 F.3d 934, 939 (9th Cir. 2009)) (quoting *United States v. Riggins,* 40 F.3d 1055, 1057 (9th Cir. 1994)).

During the January 6, 2021, events, other individuals have been charged with violating the same statute. The difference between the present matter and the others lies in the object. In *Chansley,* this court found that a six-foot pole with a spear affixed to the top is "undoubtedly, a dangerous weapon." *Chansley*, 525 F.Supp.3d at 162. On the day of the incident, Brock only carried a wooden rod shorter in length than that in *Chansley*. Further, the rod that Brock possessed had not been manipulated in any manner. Unlike the object in *Chansley*, there was no spear. The rod that Brock possessed was just wood, the same as a stick or branch fallen from a tree.

It has been established that even the most harmless objects may be turned into a deadly or dangerous weapon. When the weapon is one that is only deadly if used in a certain manner, it must be shown the defendant did in fact use it in that manner. *United States v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002). In *Arrington*, the Court found that "for a car to qualify as a deadly weapon, the defendant must use it as a deadly weapon and not simply as a mode of transportation." *Id.* at 45. Brock never used the wooden rod in a manner that could kill. He never swung the rod at an officer's head or vital organs. He simply had the rod in his hand at the time he was charged at by two officers.

IV.   CONCLUSION

Brock has a Constitutional right under the First Amendment to be a part of a political protest. He cannot be punished for speaking his mind and asking the government to redress a grievance. Brock was one of hundreds of individuals at the political rally on the day of the incident. It has not been shown that he participated in violent activity and therefore cannot be held liable for peacefully protesting. See *N.A.A.C.P.,* 458 U.S. 886. Additionally, the wooden rod that Brock possessed cannot fall within the category of a dangerous or deadly weapon as found in 18 U.S.C. § 111(b). Inconsistent with a gun or a knife, a wooden rod alone is a harmless instrument that children use to play baseball. Further, Brock never used the wooden rod in a manner making it a deadly weapon. For these reasons, we are requesting the Court order dismissal of this case, with prejudice.

Dated: January 21, 2024                                             Respectfully Submitted,
                                                                    /s/ *John M. Pierce*

John M. Pierce<br>
21550 Oxnard Street<br>
3rd Floor, PMB #172<br>
Woodland Hills, CA 91367<br>
Tel: (213) 400-0725<br>
jpierce@johnpiercelaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, January 22, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce<br>
John M. Pierce