UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                                  Case No. 1:21-0500 (CJN)

MICHAEL LEON BROCK,

    Defendant.

### DEFENDANT'S REPLY AND SUPPLEMENTAL INFO REGARDING MOTION TO CHANGE VENUE

COMES NOW the defendant, by counsel of record, with this Reply to the United States Opposition to Change of Venue, with supplemental, newly discovered information regarding recent polling.

As of April 19, 2024, there have been many dozens of jury trials for January 6 cases in the U.S. District Court for D.C. The jury conviction rate remains one hundred percent (100%). Every defendant has been convicted in this venue; including many defendants who would have had a chance of acquittal on all charges in most other districts.

Additionally, there have been several new polls which further corroborate the polling already cited and referenced in Defendant's earlier motion. The D.C. jury pool is significantly different from jury pools drawn from most other districts, in that the D.C. jury pool considers itself to be the victim of January 6 defendants. While a majority of the rest of the U.S. population does not regard January 6 defendants as criminals, the DC jury pool views J6ers as worthy of life imprisonment or the death penalty.

    I.    INTRODUCTION

A recent nationwide opinion poll conducted jointly by USATODAY and Suffolk University measured attitudes regarding the events of January 6, 2021.  The poll found that only 48% of voters overall said they thought the rioters were "criminals," "a significant drop from the 70% of voters who thought so in a Suffolk survey conducted just weeks after the attacks." https://www.suffolk.edu/-/media/suffolk/documents/academics/research-at-suffolk/suprc/polls/national/2024/poll-release-jan-6-anniversary.pdf?la=en&hash=1B465075D167E3C11A7D1224B025260702C50510 (accessed 2/17/2024).

"Those who agreed that "they went too far, but they had a point" rose to 37% from 24%, and 6% called their actions "appropriate," when in 2021 just 2% did."  This evidence shows that the jury pool(s) available outside DC are overwhelmingly more fair to January 6 defendants than the DC jury pool. Almost one-third of respondents (32%) said the legal actions against the participants "were inappropriate and should be reversed." Id.

**These poll results from nationwide polling are in sharp contrast to polling of DC residents.**

A recent poll of DC residents, by contrast, shows attitudes and feelings by DC residents view January 6 defendants ("J6ers") as worthy of life imprisonment or the death penalty. The poll, conducted by the January 6th Legal Fund, is entitled  IRREFUTABLE POLLING DATA SHOWS WASHINGTON DC JURORS ARE BIASED AGAINST JANUARY 6 DEFENDANTS !  See https://www.j6changeofvenue.com/ (accessed 2/17/2024).



A total of 48 percent of DC residents say that a penalty of **life imprisonment or death** "would be a fair punishment for anyone who participated in any of the vents of January 6."



And a SUPERmajority of DC residents (68.8 percent!) say that "regardless of what they did, anyone who participated in the events at the Capitol on January 6 should serve prison time." Id.

The Methodology of this Triton Polling was Performed to the Highest Standards; Designed to pass the Heavy Scrutinization of Federal Prosecutors & Judges who will be Meticulously Dissecting the Results.The Poll was administered from January 4th to January 8th

2024, with over 420 Washington DC Residents participating. The margin of error is only +/- 4.8%.

68.3% of the polling was administered in Live Telephone Interviews and 31.7% was administered Text to Web.

The results prove, with immense factual data, an insurmountable bias from the Washington DC Residents against January 6 defendants. The only path for Justice for the January 6 political prisoners is to move the trials out of Washington DC now.

THE POLLING DATA CARRIES PROBATIVE VALUE

It may be true that that "public opinion polling commissioned by one party is *often* less probative than a "recorded comprehensive voir dire examination conducted by the judge in the presence of all parties and their counsel." *United States v. Haldeman*, 559 F.2d 31, 64 (D.C. Cir. 1976) (Emphasis Added).

**The government's 100 percent conviction rate in Jan. 6 cases belies the belief by a majority of Americans outside DC that the January 6 defendants are innocent, and/or being overprosecuted.**

Further, in three years of January 6 prosecutions, the government has achieved a one hundred percent jury conviction rate. Although a handful of juries have acquitted on given counts, never has a jury fully acquitted any J6 defendant. January 6 defendants have received the longest average sentences ever in American history for participating in a political demonstration.

It is obvious that other court jurisdictions would provide a more fair venue for Brock's trial.

II.     CONCLUSION

The newly conducted polling is reliable enough to merit a change in venue. Unlike prior January 6 litigations that have motioned for a change in venue based on polling data, the results here highlight impartiality and bias in this court as it pertains to January 6 trials. The survey questions did not use impermissibly broad language. The answer choices were not restricted to two selections, guilty or not guilty. There were seven different answers that were surveyed. The questions administered asked specific questions on punishment and causation, not a broad premature question of guilty or not guilty to charges. For the foregoing reasons, Mr. Brock will not receive a fair trial by an impartial jury if this case remains in the District of Columbia, and she seeks to have the case transferred to a more appropriate venue.

Dated: April 19, 2024

Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce