UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CASE NO. 1:21-0500 (CJN) |
| | : | |
| **MICHAEL LEON BROCK,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## MOTION IN LIMINE TO PERMIT
## WITNESSES TO NARRATE VIDEO RECORDINGS

The United States of America respectfully moves *in limine* to for an order permitting Government witnesses to narrate video evidence introduced at trial.

At trial, the United States will introduce videos during its case-in-chief. As has been done in virtually every January 6 trial, the Government will ask witnesses to describe the action, scenes, and events depicted in those videos. The Government elicits such evidence for several sound reasons. First, witnesses can confirm a given video's authenticity, explain where and when the events recorded occur, identify other rioters or officers, and pinpoint guideposts and objects. Second, law enforcement witnesses can explain what officers or rioters in a given video are doing and explain who the defendant is, where he is in a given video, and what he appears to be doing. All of this would be helpful to the trier-of-fact as it provides necessary context. The alternative would be, for example, to show a video portraying dozens, or even hundreds, of people, all of whom are participating in a full-scale melee. Having that thrown on their lap without explanation, the trier-of-fact would be expected to orient themselves as to location, pick the defendant out of the crowd, determine precisely what is happening, and contextualize all of that without a hint of guidance. That, of course, is impossible. Narration of a video, within reason and within the relevant confines of the case, would undoubtedly be helpful to the trier-of-fact.

1

Some of the testimony the United States' expects to elicit will come from officer witnesses' direct experience, in which case their statements are squarely permitted under Federal Rule of Evidence 602, which states, in pertinent part, "[a] witness may testify to a matter [if] . . . . the witness has personal knowledge of the matter."). But even when officers did not directly witness the actions in a certain video, their testimony may still be permissible under Rule 701. That rule allows lay witnesses' opinion testimony when such testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge . . . ." Fed. R. Evid. 701.

Under this rule, courts have routinely permitted witnesses to narrate video evidence, including in numerous January 6 cases. *See, e.g.*, *United States v. McCaughey, III, et al.*, 1:21-CR-40 (TNM) (D.D.C. July 20, 2022), ECF No. 389 at 1-2 (in January 6 case, denying motion in limine to preclude officers' narration of video evidence); *United States v. Garcia-Zarante*, 419 F. Supp. 3d 1176, 1179 (N.D. Cal. 2020) (noting that "[w]itnesses may narrate and describe events in a video based on their perceptions"); *Humphries v. Brewer*, No. 2:18-CV-11406, 2019 WL 3943074 (E.D. Mich. Aug. 21, 2019) (denying ineffective assistance habeas claims where law enforcement and civilian witnesses narrated apartment surveillance video, had personal knowledge of the physical location in which the video was taken, and the testimony was helpful to the jury); *Allen v. Klee*, No. 14-CV-13409, 2016 WL 5791189 (E.D. Mich. Oct. 4, 2016) (denying ineffective assistance habeas claims where non-expert officer narrated video and his opinions were helpful to the jury where he "had the benefit of reviewing the video numerous times, giving him the opportunity to comprehend the events that were transpiring on the video and to determine the identity of the participants").

Appellate courts have considered this issue in detail and have generally allowed video narration like the kind the United States intends to introduce here. For example, in *United States v. Torralba-Mendia*, 784 F.3d 666, 666 (9th Cir. 2015), the Court of Appeals for the Ninth Circuit affirmed a law enforcement officer's video narration in a smuggling conspiracy case. Finding that the officer gave proper lay opinion testimony, the Court explained:

> The narratives helped the jury understand what they were seeing. For example, [the officer] provided the length of time lapses between video clips. He pointed out unique characteristics of the vehicles—like their makes, models, and whether any bodywork had been done to them—that helped the jury identify the same cars in subsequent videos. He linked the different cars to specific conspirators. He counted the number of passengers exiting or entering the vehicles (a difficult task because the video's angle obscured the view). And he pointed out the particular clothing of certain passengers, to show that a person dropped off in one video was the same person picked up in a later video.

*Id*. at 659-60. Ultimately, the court found the officer's "narratives were based on his repeated viewing of the recordings, and helped the jury understand the import of the videos." *Id*. at 660. The court permitted the testimony.

In *United States v. Begay*, 42 F.3d 486, 502 (9th Cir. 1994), the Ninth Circuit similarly permitted an officer's lay testimony as he narrated a video. The appellants were part of a riot involving hundreds of people to take over the Navajo Nation Administration and Finance Building, and the officer narrated a video of that riot. *Id*. at 489, 502. The court held that the officer's narration was proper, and "need not be based on the 'live' events . . . because he was not testifying to his eyewitness account of those events." *Id*. at 502. Rather, the officer "need only have perceived the events depicted in" the videotape. Such testimony was permissible, as well as helpful:

> Although the jury viewed [the video] in its entirety, it is reasonable to assume that one viewing a videotape of a demonstration involving over 200 people would likely not see certain details, given the tremendous array of events all occurring simultaneously. [The officer] spent over 100 hours viewing [the video]. To have the jury do likewise would be an extremely inefficient use of

3

>the jury's and the court's time. Therefore, [the officer's] testimony concerning which persons were engaged in what conduct at any given moment could help the jury discern correctly and efficiently the events depicted in the videotape.

*Id*. at 503. As in *Torralba-Mendia*, the circuit court in *Begay* affirmed the officer's narration.

Other circuit courts have made similar holdings. For example, in *United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011), the defendant challenged the admissibility of an FBI agent's testimony connecting a defendant to a flag burning demonstration seen on videotape. 664 F.3d at 513. The Fifth Circuit concluded that such testimony was permissible because "the agents' opinions were limited to their personal perceptions from their investigation of this case," and the testimony constituted "relevant factual information about the investigation." *Id*. (citing *United States v. McMillan*, 600 F.3d 434, 456 (5th Cir. 2010)); *see also United States v. Rollins*, 544 F.3d 820, 830-32 (7th Cir. 2008) (finding no error in permitting a law enforcement's "impression" testimony about recorded phone calls, as well as his personal, extensive experience with a particular investigation).

For these reasons, the United States respectfully moves the Court to permit the United States' witnesses to narrate videos introduced during trial.

|  |  |
|---|---|
| | Respectfully submitted, |
| DATED: August 23, 2024 | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
| By: | /s/ Jack Burkhead<br>Jack Burkhead<br>NM Bar No. 10493<br>Assistant United States Attorney<br>United States Attorney's Office<br>601 D Street NW<br>Washington, DC 20001<br>(505) 224-1434<br>jack.e.burkhead@usdoj.gov |