UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-0500-CJN |
| | : | |
| **MICHAEL LEON BROCK,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO CONTINUE

The United States of America respectfully opposes Defendant Michael Brock's motion to continue for the following reasons.

From the outset, this case has been beset by delay created by the defendant. Starting on September 26, 2022 – almost two years ago to the day – the Court ordered trial in this matter to commence on October 16, 2023. *See* Minute Order, Sept. 26, 2022. The United States was prepared to try the case on that date. At that time, Defendant Brock was represented in this case by Attorney John Pierce, who had been counsel of record for over 18 months. (ECF No. 26). Despite having ample notice of the trial setting and more than sufficient time to prepare, Attorney Pierce moved to continue the trial. (ECF No. 44). The United States objected (ECF No. 45), and the Court continued the trial, first to March 4, 2024 (Minute Order, Aug. 16, 2023), and then, after a scheduling issue arose with the Court, to June 17, 2024. Minute Order, Feb. 6, 2024.

A month before the June 17 trial was to commence, Attorney Pierce filed a motion to withdraw as counsel because, according to the motion, "issues of communication and strategy" existed between himself and Brock. ECF No. 76. The Court permitted counsel Pierce to withdraw, terminated the trial date until further rescheduling, and ordered Defendant Brock to retain alternate counsel by June 7, 2024. Minute Order, May 23, 2024. Defendant Brock failed to

retain counsel by the June 7, 2024 deadline, consequently the United States filed a Motion for Order to Show Cause. ECF No. 78. Afterward, Attorney Sabatini entered his appearance on June 25, 2024, two weeks after the court-imposed deadline. ECF No. 79.

After all of that, the Court convened a status conference on July 31, 2024, during which it set the current trial date of October 1, 2024. Minute Order, July 31, 2024. All parties represented to the Court that they would be prepared to try the case on that date. On September 19, 2024 – 12 days before trial is to commence – Attorney Sabatini filed a motion to withdraw as counsel (ECF No. 89) and motion to continue the October 1, 2024, trial date. (ECF No. 90). The sole basis for the motion to withdraw is that, according to counsel, "Mr. Brock has terminated representation and has requested that I withdraw from the case." *Id*. Likewise, the motion to continue simply states that a continuance is necessary because Brock "has instructed his counsel to withdraw from the case and seeks additional time to prepare for trial." ECF No. 90.

Notably, the motion to withdraw does not allege a conflict of interest or any other compelling justification to delay this case further. Thus, the entire basis for the motion to continue rests on Brock's unilateral decision to terminate representation. This is inadequate. Sections 3161(h)(7)(B)(i)-(iv) of the Speedy Trial Act sets forth four non-exclusive factors the Court must consider in adjudicating motions to continue. None of those factors provide support to continue the current trial setting for the reasons proffered in the motions. Thus, the Court can and should deny the motions on their face for failure to raise adequate justification for either the withdraw or the continuance.

If the Court opts to delve deeper into the reasons underlying the motions, it should do so by first recognizing that a troubling pattern has developed. Twice now, Defendant Brock has terminated representation of counsel at the eleventh hour. The first time he did so a month before

trial, and on this occasion he seeks to terminate counsel 12 days beforehand. While, in theory, it's possible that Defendant Brock has simply had a run of bad luck seeing eye to eye with his hand-chosen counsel, the procedural history raises another distinct possibility: Brock has concluded that firing his lawyer is an effective strategy to avoid trial. It is beyond dispute that the latter represents a transparent manipulation of the system that should not be countenanced by any Court.

District of D.C. Local Rule 45.5 contemplates that very scenario. It states:

> WITHDRAWAL OF COUNSEL. An attorney who has appeared in a criminal case may thereafter withdraw only by written motion served upon the defendant personally or at the defendant's last-known address, and upon all other parties. *The Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case or be unfairly prejudicial to any party, or otherwise not be in the interests of justice.*

*Id*. (emphasis added). Here, the Defendant's desire to terminate counsel and continue the October 1, 2024, setting would unduly delay the trial, unfairly prejudice the United States by because witness travel arrangements and preparations have already been completed in anticipation of an October 1 trial date, and otherwise not be in the interest of justice because this case has been pending for over three years. With that in mind, the United States asserts that a hearing is not necessary, and that the Court should deny the motions and proceed with the October 1 trial date. Should the Court opt to convene a hearing on this issue, the United States requests that the Defendant provide both compelling and substantiated reasons to justify the delay that he once again seeks to interject into this case.

Respectfully Submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY
DC Bar No.: 481052

/s/ Jack E. Burkhead
Jack E. Burkhead, *Detailee*
NM Bar No. 10493
Assistant United States Attorney
United States Department of Justice
201 Third. St.
Albuquerque, New Mexico 87103
jack.e.burkhead@usdoj.gov

I hereby certify that on September 20, 2024, this pleading was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ Jack E. Burkhead
Assistant United States Attorney